**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4780**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MICHAEL CORRAN DAVIS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:13-cr-00027-FL-1)

———————

Submitted:  May 12, 2014          Decided:  May 16, 2014

———————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Corran Davis pleaded guilty to aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1), (2) (2012). The district court sentenced Davis to 168 months of imprisonment and he now appeals. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the Government committed prosecutorial misconduct and whether trial counsel rendered ineffective assistance. Davis was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Counsel first questions whether the Government committed prosecutorial misconduct in delaying more than two years between identifying Davis as a suspect in the offense and obtaining an indictment, during which time Davis was incarcerated on unrelated state charges. To succeed on a claim of prosecutorial misconduct, a defendant must show that the government's "conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). With respect to pre-indictment delay, "intentional delay by the government to gain tactical advantage over the defendant, in addition to substantial prejudice to the defendant, [violates] due process." Howell v. Barker, 904 F.2d 889, 894 (4th Cir. 1990) (citation

2

omitted).  We have thoroughly reviewed the record and the relevant legal authorities and conclude that the Government did not commit prosecutorial misconduct in delaying bringing an indictment against Davis.

Appellate counsel next questions whether Davis' trial counsel rendered ineffective assistance for withdrawing his motion to dismiss the indictment based on the pre-indictment delay.  To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

We will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  We find that ineffective assistance does not conclusively appear on the record.  We therefore decline to address this claim on direct appeal.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>